IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **BETTY LOU STEWART** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )  Case No.: 3:20-cv-19-DPJ-FKB |
| **GENERAL REVENUE CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiff, Betty Lou Stewart, by and through undersigned counsel, brings the following Complaint against Defendant and states as follows:

### PRELIMINARY STATEMENT

Plaintiff bring this action for actual, statutory and punitive damages, costs, and attorneys' fees pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against Defendant, General Revenue Corporation.

### JURISDICTION AND VENUE

1. Plaintiff invokes the jurisdiction of this Court pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

2. Subject matter jurisdiction exists pursuant to federal question jurisdiction, 28 U.S.C. § 1331.

3.　　Venue is proper because Plaintiff lives in Jackson, Mississippi, which is in the Southern District of Mississippi, and because Defendant does business in the Southern District of Mississippi.  The alleged conduct and actions were committed in the Southern District of Mississippi.

## PARTIES

4.　　Plaintiff Betty Lou Stewart is an adult citizen over the age of nineteen years who resides in Jackson, Mississippi.

5.　　Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.　　Defendant General Revenue Corporation is an Ohio corporation with its principal place of business in Ohio and doing business in the state of Mississippi with its principal place of business in Ohio.

7.　　As part of its business General Revenue Corporation operates as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

8.　　Former student of Jackson State University, Plaintiff incurred a financial obligation primarily for personal purposes that went into default and is therefore a "debt" under 15 U.S.C. § 1692a(5), namely, the bill from Jackson State University ("the debt") in the approximate amount of $532.50.

9.　　On July 17, 2017, Plaintiff filed a voluntary chapter 7 bankruptcy petition with the Southern District of Mississippi.

10.　　Plaintiff's petition stated that her debts were "primarily consumer debts" and listed Plaintiff's creditors who held unsecured claims, including Jackson State University.  Plaintiff did not reaffirm the debt with Jackson State University.

11.     On November 22, 2017, the Honorable Edward Ellington ordered Plaintiff was entitled to a discharge of debts, including Plaintiff's debt with Jackson State University.

12.     Jackson State University was served notice by first class mail of Plaintiff's discharge of debts on November 24, 2017.

13.     Despite the 2017 discharge, Plaintiff received a letter dated April 11, 2019 from Jackson State University attempting to collect a balance of $532.50.

14.     Thereafter, Plaintiff's debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.  Plaintiff began to receive collection letters from Defendant, including letters dated May 14, 2019 and June 19, 2109, attempting to collect an increased balance of $710.00.

15.     Plaintiff disputed the debt with Defendant by phone and letter stating that the debt was discharged in bankruptcy, that she was represented by counsel, and to cease its communications.

16.     Nevertheless, Defendant still claims Plaintiff owes a balance on the debt at issue (Defendant's Account Number: 51833426) and continues to send Plaintiff collection letters in attempt to collect the debt.

17.     Defendant's communications were an illegal third-party attempt to collect a debt in violation of the FDCPA, including but not limited to 15 U.SC. §§ 1692c(a)(2), 1692c(c), 1692e(2) 1692g(a)(3), 1692g(a)(4) and 1692f(1).

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION
### PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

18.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The foregoing acts and omissions of Defendant and its agents constitute numerous violations of the FDCPA including, but not limited to, each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

20. As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff has suffered compensable injury as set out above and is entitled to damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff claims damages against Defendant in actual, statutory, and compensatory damages, plus interests, costs, reasonable attorney's fees and any such other further relief as this Court deems proper and/or necessary pursuant to 15 U.S.C. § 1692k.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS.**

Dated this ___ day of January, 2020.

Respectfully Submitted,

/s/ J. Matthew Stephens
J. Matthew Stephens
MS Bar No. 101022

**OF COUNSEL:**

**METHVIN, TERRELL, YANCEY,
STEPHENS & MILLER, P.C.**
2201 Arlington Avenue South
Birmingham, Alabama 35205
Telephone: (205) 939-0199
Facsimile:  (205) 939-0399
mstephens@mtattorneys.com

**DEFENDANT TO BE SERVED VIA PRIVATE PROCESS SERVER:**

**GENERAL REVENUE CORPORATION**
c/o C. T. CORPORATION SYSTEM
645 Lakeland East Drive, Ste. 101
Flowood, MS 39232